IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JORGE NIEBLA,
    Plaintiff,

vs.                               5:08cv281/RS/MD

DIRECTOR WENDALL WHITEHURST
    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida penal system proceeding pro se and a prolific litigant in this district,[1] initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. He did not pay the $350.00 filing fee, and no motion for leave to proceed *in forma pauperis* has been filed. Having reviewed the complaint, applicable statutes and controlling case law, the court finds that this complaint is subject to summary dismissal.

Title 28 U.S.C. §1915(g) prohibits a prisoner from proceeding *in forma pauperis* in civil actions under certain circumstances. It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed *in forma pauperis*. Plaintiff

---

[1] Plaintiff has filed over 50 cases in the Northern District of Florida since 2005.

has not attempted to proceed *in forma pauperis* in this case. However, a prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and his failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception to this is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. §1915; *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004); *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998).

The court may take judicial notice of the fact that a case plaintiff filed in this court in 2005 was dismissed due to plaintiff's status as a "three-striker" and his inability to proceed *in forma pauperis*. (See 3:05cv433/LAC/EMT *Niebla v. Abdul-Wasi*, dismissed on December 13, 2005). In addition, as recently as this year this court dismissed one of plaintiff's cases for the same reason. (See 3:08cv13/MCR/MD, *Niebla v. Magaha*, dismissed on January 31, 2008). Clearly, plaintiff must therefore pay the $350.00 filing fee in full before proceeding with this or any other civil action unless he is "under imminent danger of serious physical injury." 28 U.S.C. §1915, *Brown; Rivera, supra.*

In this case, plaintiff alleges that Warden Palmer of Apalachee Correctional Institution ("ACI"), where plaintiff is currently incarcerated, has created a rule providing that inmates who talk in line are denied a meal. (Doc. 1 at 6). Plaintiff states that ACI inmates are being subjected to harassment and cruel and unusual punishment because talking in line is a "crime" at ACI. He indicates that he has written to Director Whitehurst, who is the only named defendant in this case, complaining about this situation, but that Mr. Whitehurst has taken no action. He asserts that Director Whitehurst does not respect or honor the Universal Declaration of Human Rights and does not take his job seriously. Plaintiff further asserts, without any apparent factual foundation, that Director Whitehurst is "unjust and because of [plaintiff's] complaints he is going to order an attack against [plaintiff]" and that plaintiff fears that Whitehurst "is going to pay staff to have [plaintiff] set up and killed." (Doc. 1 at 6). He claims that several years ago he was tortured and beaten up by prison guards and that his life, safety, and well-being at ACI are in great danger.

Plaintiff's allegations do not entitle him to proceed *in forma pauperis* in this case. He essentially would have this court believe that Whitehurst's alleged failure to address his complaints about Warden Palmer's "no talking in line" rule suggests that Whitehurst intends to set plaintiff up to be attacked or killed by unidentified prison guards. Such allegations are speculative and fantastical. Plaintiff has not shown that he is in imminent danger of serious bodily injury, and therefore, this action should be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $350.00 filing fee at the time he files his case.

Accordingly, it is respectfully RECOMMENDED:

That plaintiff's case be dismissed without prejudice to its refiling accompanied by the payment of the full $350.00 filing fee.

At Pensacola, Florida, this 15th day of September, 2008.


/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 5:08cv281/RS/MD*